IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DREW R. FLYNT,

        Plaintiff,

v.                                          CIV 99-911 JC/KBM

TCI CABLEVISION OF NEW MEXICO,

        Defendant.

## ORDER AND PROPOSED FINDINGS & RECOMMENDED DISPOSITION

This matter is before the Court upon Plaintiff's Motion for Leave to File a Second Amended Complaint *(Doc. 42)*, filed April 16, 2001 and related pending motions. Presiding District Judge John Edwards Conway has referred this motion to me for proposed findings and a recommended disposition. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. As a preliminary matter, I find that Defendant's Motion to File Surreply *(Doc. 54)* is well taken and that pleading has been given due consideration along with all other briefing. The Court concludes that oral argument is unnecessary on the various motions addressed herein

Plaintiff seeks to again amend his complaint, this time to join TCI Central's parent corporation, Tele-Communications, Inc., as a party defendant in this Age Discrimination in Employment Act ("ADEA") action. Flynt also seeks to add two new state law claims: (1) breach of an implied employment contract against both TCI and its parent corporation; and (2) intentional interference with contractual relations against the parent corporation.

Defendant opposes the proposed amendments on two grounds – untimeliness and futility. Plaintiff has filed a Motion to Strike Defendant's Opposition to Motion for Leave to File Second Amended Complaint and Attachments Thereto *(Doc. 50)*. The voluminous exhibits attached to the Opposition are offered as "documentary evidence" that the proposed amendments would be futile. Plaintiff asserts that the "futility" arguments must be addressed solely based upon whether the allegations of the proposed Second Amended Complaint would survive a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

Clearly, consideration of the exhibits would be proper in a summary judgment context. The Court has located some support for the proposition that some evidence may be used in assessing "futility" arguments in the context of a motion to amend. In *Bauchman v. West High School*, 132 F.3d 542 (10th Cir. 1997), the district court considered not only the proposed amended complaint but supporting evidence and affidavits in evaluating the "futility" of the proposed amendment. The district court's conclusion that the amendment would not survive a motion for summary judgment "in and of itself did not convert the district court's analysis into a ruling on summary judgment." *Id.* at 561-61.

> A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *See, e.g., AM Int'l, Inc. v. Graphic Management Assocs., Inc.*, 44 F.3d 572, 578 (7th Cir.1995); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir.1989).

*Id.* The Tenth Circuit noted that the district court's finding "simply provided an alternative ground for application of the futility doctrine." *Id.*

Yet, if Defendant's exhibits were to be considered on the issue of futility of amendment, it would seem that Plaintiff must be also given a reasonable opportunity to present all material

pertinent to the motion. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). In a very similar case, the district court was asked to examine evidence demonstrating that the proposed new party, the defendant's parent company, could not be found liable under Title VII as the plaintiff's employer. *See E.E.O.C. v. Earl Scheib of Kansas, Inc.*, 2000 WL 382008 (D. Kan. 2000). District Judge Lungstrum declined to do so:

> defendants maintain that plaintiff's proposed amendment is futile because Earl Scheib, Inc. was not Mr. Davis's employer and, thus, it cannot be held liable to Mr. Davis under Title VII. In support of their argument, defendants offer the affidavit of Russell Woerz, a Division Manager of Earl Scheib of Kansas, Inc. In it, Mr. Woerz avers that Earl Scheib of Kansas, Inc. controlled the manner and means of Mr. Davis's work. According to defendants, this affidavit "shows conclusively" that Earl Scheib, Inc. was not Mr. Davis's employer. As set forth below, defendants' argument exhibits a fundamental misunderstanding of the relevant standard governing plaintiff's motion.
> 
> \* \* \*
> 
> The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Thus, the mere fact that defendants have controverted by sworn testimony plaintiff's allegations concerning Mr. Davis's employer does not necessarily defeat the proposed amendment. Parties usually do controvert the allegations in pleadings by sworn testimony at trial or otherwise. *Corvel Healthcare Corp. v. Shorman & Assocs.,* Civ. A. No. 94-2131-GTV, 1995 WL 13440, at \*1 (D.Kan. Jan. 13, 1995). The motion seeks only the privilege of making the allegations. *See id.* In that regard, viewing all reasonable inferences in its favor, the court cannot say that it appears beyond a doubt that plaintiff can prove no set of facts in support of its allegation that Earl Scheib, Inc. was Mr. Davis's employer.

*Id.* at \*5. Agreeing with Judge Lungstrum's analysis, I look only to the allegations of the proposed amended complaint and find them sufficient to survive a motion to dismiss. I will not strike the exhibits attached to the opposition, however, as District Judge Conway may disagree with my analysis and wish to review them.

Nevertheless, I will recommend to the presiding judge that he deny the motion for leave to file the proposed Second Amended Complaint on untimeliness grounds. Having reviewed the court file, my working file and the information and materials provided by the parties, this case presents the following history:

| | |
|---|---|
| August 13, 1999 | Original Complaint filed |
| February 24, 2000 | Plaintiff permitted to file a First Amended Complaint to correct the Name of Defendant from TCI Central, d/b/a TCI Media Services, Inc. to TCI Cablevision of New Mexico, Inc., d/b/a TCI Media Services |
| June 28, 2000 | Letter faxed to my chambers. Counsel indicated that Plaintiff was requesting "a short period of time, i.e., thirty (30) days, in which to consider filing a Motion to Amend . . . ." |
| August 27, 2000 | Settlement conference held. Mr. Yarbro indicates to both the Court and counsel for Defendant that if negotiations were unsuccessful, he intended to file an amended complaint against the Defendant's parent company. |
| October 27, 2000 | Second settlement conference held, but unsuccessful. Counsel directed to submit proposed order with new discovery deadlines. |
| February 27, 2001 | Because no proposed order had been submitted, I held a status conference and directed counsel to submit the proposed new deadlines order by March 16, 2001. |
| March 16, 2001 | Stipulated scheduling order entered setting completion of discovery by June 30, 2001 which also provided that the "deadline to file motions to join other parties and/or amend the pleadings should be no later than 15 April, 2001." |
| April 16, 2001 | Plaintiff files the instant motion for leave to file the proposed Second Amended Complaint. |
| July 17, 2001 | At the request of the parties, discovery extended until August 3, 2001. |

From this summary, it appears that Plaintiff had sufficient information that he contemplated joining the parent company over a year ago. Even if Mr. Yarbro wanted to hold off seeking the amendment while settlement efforts held promise, it was clear by October of last year that this

case was to proceed to discovery and litigation.

Plaintiff contends that he originally named the parent corporation as a defendant so that bringing it into the lawsuit should come as no surprise.  A careful review of the original complaint, however, reveals that the parent corporation was not listed as a defendant in the case caption.  Rather, Tele-Communications, Inc. is merely mentioned just once in the introductory paragraph and never identified as Plaintiff's employer.  The First Amended Complaint was filed to correct the name of the entity actually sued in the original pleading – TCI Central.

Counsel states that "before [he] could name the parent company as a Co-Defendant, Plaintiff had to develop evidence of the parent company's involvement in his termination." Plaintiff's Reply, Doc. 62 at 3.  Plaintiff vaguely contends that discovery delays were caused by Defendant which justify the amendment at this late date.  It would appear, however, that most if not all the facts and evidence that Plaintiff relies upon to add the parent company and new claims (for instance, the corporate structure and Supervisor's Guide) were known to him even prior to the filing of the original complaint.  By August of last year, counsel for Plaintiff expressed that he intended to add the parent company as a defendant and the proposed additional claims as a result of extensive discovery produced in June 2000.  Thus, he surely had sufficient information at that time to believe he had a basis for seeking to impose liability against it.

Discovery deadlines have been repeatedly extended, and discovery is now set for completion next week.  Defendant is entitled to a timely disposition of this action, and would be prejudiced by facing yet new rounds of discovery requests with the filing of the proposed Second Amended Complaint.  Because Plaintiff contemplated the amendment so long ago and chose to wait until the eve of the close of discovery to take action, permission to amend seems unwarranted.  Thus, I will recommended to Judge Conway that he deny the motion as untimely.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to File Surreply *(Doc. 54)* is GRANTED.

**IT IS HEREBY RECOMMENDED** that Plaintiff's Request for Oral Argument, Plaintiff's Motion to Strike Defendant's Opposition *(Doc. 50)*, and Plaintiff's Motion for Leave to File Second Amended Complaint *(Doc. 42)* be DENIED.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Strike Plaintiff's Motion for Leave to File Second Amended Complaint as untimely *(Doc. 60)* be DENIED AS MOOT.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE